IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 mj 80

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GUY R. STIVENDER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#12) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Mary Ellen Coleman, and the Government was present through AUSA Tom Kent. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of information (#1) filed on June 21, 2016 with stealing, purloining and converting to his own use a thing of value of the United

1

States, to wit, money, in violation of 18 U.S.C. § 641, a misdemeanor. A hearing was held in regard to the detention of the Defendant on July 15, 2016 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

> (1) Defendant must not violate any federal, state or local law while on release.
>
> (8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

Defendant admitted he used crack cocaine on October 9, 2016 and he signed a written admission to that effect on October 13, 2016. The use and possession of crack cocaine is unlawful. Crack cocaine is a drug that is not prescribed by a license medical practitioner.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any

2

   other condition of release; and
(2)    finds that ---
      (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
      (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the admission of Defendant, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The Defendant possessed crack cocaine so he could use and consume that substance. The consumption of crack cocaine is a felony under federal law and is a felony under state law. N.C.G.S. § 90-95(a)(3).

Due to the fact there is probable cause to believe the Defendant committed at least a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21

U.S.C. § 802 unless it is prescribed by a licensed medical practitioner. Crack cocaine is not a drug that is prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing and using crack cocaine.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that bases upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: November 2, 2016

*[signature]*

Dennis L. Howell
United States Magistrate Judge